THOMPSON v. STEPHENSON.

Opinion delivered July 12, 1926.

HIGHWAYS—EFFECT OF FAILURE TO COMPLY WITH SPECIAL ACT.—Where
the county judge failed to comply with the mandatory provision
of Acts 1925, p. 89, suspending the operation of Acts 1915, p.
1400, by appointment of the commissioners within 20 days after
the act became effective, the contemplated road district failed, and
subsequent creation of a district covering the same territory
under the general law was valid.

Appeal from Chicot Chancery Court; E. G.
Hammock, Chancellor; affirmed.

William West, for appellant.

W. W. Grubbs, for appellee.

WOOD, J. The General Assembly of 1925 duly
enacted act No. 34, entitled "An act creating and estab-
lishing the Eudora-Kilbourne Road Improvement Dis-
trict of Chicot County, Arkansas, and for other pur-
poses." The first section of the act, after declaring that
the lands described therein are made an improvement
district, provides, among other things, that the county
judge of Chicot County, within twenty days after the act
becomes effective, shall appoint three commissioners for
the district. Section 4 of the act provides, in part, as
follows: "The commissioners or directors of said road
improvement district, within thirty days after they have
qualified by making and filing the oath of office with the
county clerk as herein provided, shall call an election of
all owners of real property situated in said district here-
inafter provided for in this section of this act. And said
commissioners or directors shall not proceed with the
construction of the improvement, and shall not issue any
bonds to secure funds therefor, unless a majority in num-
ber and in value of the landowners in fee simple in said
district, voting at said election, shall express by their
ballots a desire that the construction of said improvement
be proceeded with." The act contains the emergency
clause, and took effect February 9, 1925.

The commissioners were not appointed by the county
judge, as provided by § 1 of the act, and hence no election

was called as required by § 4. The territory embraced in the district created by act No. 34, *supra,* was afterwards organized into a district under act 338 of the Acts of 1915, commonly known as the Alexander Road Law. The organization of this district was in all things legal and regular. The terminus of the road provided for under the act of 1925 connects with the Arkansas-Louisiana highway a little over a quarter of a mile north of the point of intersection of the road provided for by the district created under the general law, and the road laid out by the special act of 1925 is approximately two miles longer than the road provided for under the general law. The road laid out under the general law is perfectly straight, while the road provided for by the special act has many abrupt, dangerous and unnecessary curves in it. The State Highway Department and the Federal Department of Roads have refused to grant aid in the construction of the road as laid out by special act No. 34, *supra.* But the State Highway Department has allotted to the road laid out under the general law fifty per cent. of its estimated cost.

This action was instituted by C. L. Thompson, a property owner in the district, hereafter called the appellant, against the commissioners of the district (hereafter called the appellees) created under the general law. In his complaint the appellant sets up the creation of the district under act No. 34 of the Acts of 1925, and alleges that the road district subsequently created under the general law is void because it embraces the same territory as that described in act No. 34, *supra.* He alleges that the appellees, unless restrained, will proceed to make the improvement contemplated by the creation of the district under the general law, and that they will issue bonds and let contracts to that end, which will constitute a cloud upon his title. He therefore prays that the appellees be restrained from making such improvement. The appellees answered, setting up in defense to the action substantially the above facts, and alleging that act No. 34, *supra,* had never been put in operation and never could

be.   The cause was heard upon the above facts presented to the trial court under an agreed statement.   The court entered a decree dismissing the appellant's complaint for want of equity, from which decree he duly prosecutes this appeal.

Act No. 34 of the acts of 1925 during the time, under its provision, that it could have been put in operation, was a suspension of the operation of the Alexander Road Law, act 338 of the Acts of 1915, as to the creation of an improvement district covering precisely the same territory and for the construction of a highway practically over the same territory as that embraced in act No. 34, *supra.* But when the county judge of Chicot County failed to perfect the organization of the improvement district created by act No. 34, *supra,* and no steps were inaugurated to complete the establishment of the district according to the requirements of the act, the act, under its own terms, was never made effectual.   The agency designated by the Legislature, and the only agency that could put in motion the machinery by which act No. 34 could be made effectual, failed or refused to put such machinery in motion, and therefore the act was never put in operation, and the project contemplated by it has been abandoned. Unquestionably, the provisions of the act requiring the county court to act by the appointment of commissioners within twenty days, and requiring these commissioners to hold an election within thirty days after their appointment, were mandatory provisions.   Not being complied with, the act necessarily fails, and the district contemplated by it was never in fact established.

The abandonment of this project leaves the creation and operation of the district under the general road law intact and in full force and effect.   The decree of the chancery court so holding is correct, and it is therefore affirmed.